UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHNEE LANAE MACGILLIVRAY,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 3:22-cv-00257-BEN-JLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**ECF No. 5** |

  Plaintiff Tahnee Lanae Macgillivray filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Commissioner of Social Security's denial of Plaintiff's application for Social Security Benefits. ECF No. 1. Plaintiff did not pay the required filing fee, nor did she seek leave to proceed *in forma pauperis* ("IFP"). On April 5, 2022, the Court dismissed the case but granted Plaintiff forty-five days leave to either prepay the filing fee or move to proceed IFP. ECF No. 4. Plaintiff subsequently filed a Motion to Proceed IFP, which is currently before the Court. ECF No. 5.

**I. Motion to Proceed IFP**

  All parties initiating a civil action, suit, or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1915(a). Without the filing fee, an action may

proceed only if the Plaintiff is granted leave to proceed IFP. *Id.*

The Court has discretion to determine indigency. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) *rev'd on other grounds by* 506 U.S. 194 (1993). To satisfy 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient [if it] states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide [for] himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). "The facts as to the affiant's poverty must be stated with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Here, Plaintiff has established she is entitled to IFP status. Plaintiff states she is unemployed and the only income she receives for day-to-day expenses is from "family help." ECF No. 5 at 2–3. Plaintiff maintains she owns no property or vehicles, and her current bank account balance is $100.00. *Id.* Plaintiff has therefore shown that paying the $402.00 filing fee would impair her ability to pay for life's necessities. *See Adkins*, 335 U.S. at 339–40. Accordingly, Plaintiff's Motion to Proceed IFP is **GRANTED**.

## II.  Service

When a Plaintiff is granted IFP status, a United States Marshal, upon order of the Court, must serve the summons and the Complaint. Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."); *Benny v. Pipes*, 799 F.2d 489, 493 n.4 (9th Cir. 1986) (authorizing "service by a Marshal for . . . a person proceeding *in forma pauperis*").

The Court directs the Clerk of Court to issue the summons and provide Plaintiff with an "IFP Package," consisting of: (1) this Order; (2) a certified copy of the Complaint; (3) the summons; and (4) a blank United States Marshal Service ("USMS") Form 285. Plaintiff is directed to complete the USMS Form 285 and forward it to the United States Marshal. Upon receipt from Plaintiff, the United States Marshall shall serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USMS Form 285.

The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Plaintiff must serve upon the Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of the document was served on the Defendant, or counsel for the Defendant, and the date of service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

### III. Conclusion

Plaintiff's Motion to Proceed IFP is **GRANTED**. The Clerk of Court is **ORDERED** to direct service in conjunction with the foregoing.

**IT IS SO ORDERED.**

DATED:   April 13, 2022

**HON. ROGER T. BENITEZ**
United States District Judge